IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SUSAN DRUMMOND                                                                                          PLAINTIFF

V.                                          CASE NO. 5:23-CV-5025

LOWE'S HOME CENTERS, LLC                                                                         DEFENDANT

### OPINION AND ORDER

Now before the Court is Defendant Lowe's Home Centers' ("Lowe's") Motion for Summary Judgment (Doc. 14), filed November 7, 2023. The Motion became ripe for review when Plaintiff failed to file a response by the November 21 deadline. Upon consideration, Defendant's Motion for Summary Judgment (Doc. 14) is **GRANTED**.

This is a slip-and-fall personal injury case. On May 12, 2022, Ms. Drummond alleges that she slipped in a puddle while shopping at Lowe's and fell, breaking her kneecap. *See* Doc. 3, p. 2. On January 5, 2023, Ms. Drummond filed a complaint in the Circuit Court of Benton County. Lowe's subsequently removed the case on February 16, 2023, under diversity jurisdiction. On November 7, 2023, Lowe's filed for summary judgment. In its Motion and accompanying briefing, Lowe's argues that Plaintiff's claim for negligence must fail as a matter of law because Ms. Drummond herself admitted in her deposition that she saw and had knowledge of the puddle, thereby removing any duty Lowe's had to her. Ms. Drummond did not respond to the Motion for Summary Judgment.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

1

317, 322 (1986). Subpart (a) to Rule 56 provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, the Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). If a party fails to respond to a motion for summary judgment, the reviewing court is still obligated to address the merits of the motion and may not rule automatically in the movant's favor. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005), *cert. denied*, 549 U.S. 865 (2006); *United States v. One Parcel of Real Prop.*, 27 F.3d 327, 329 n.1 (8th Cir. 1994); *Canada*, 135 F.3d at 1213 ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive.").

In Arkansas, "any duty owed by an owner or occupier of land to a business invitee ends if the plaintiff knows of the danger." *Jenkins v. Int'l Paper Co.*, 318 Ark. 663, 670 (1994); *see also* AMI 1104. That is, a property owner has no duty to an invitee to warn or protect against a danger that is obvious or known to the plaintiff—this has been coined the "obvious danger rule." With no duty, there is no liability, and recovery is barred. An invitee "knows" of a danger when they have "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves." *Hope Med. Park Hosp. v. Varner*, 2019 Ark. App. 82, at *6 (2019) (quoting *Van DeVeer v. RTJ, Inc.*, 81 Ark. App. 379, 386, 101 S.W.3d 881, 885 (2003)). However, this obvious danger rule will "not bar recovery when the invitee is forced, as a practical matter, to encounter that danger in

2

order to perform his or her job." *Jenkins*, 318 Ark. at 670 (citing *Carton v. Missouri Pac. R. Co.*, 303 Ark. 568 (1990), and *Kuykendall v. Newgent*, 255 Ark. 945 (1974))

It is undisputed that Ms. Drummond was an invitee on Lowe's property. *Young v. Paxton*, 316 Ark. 655, 660 (1994) ("[A]n invitee may be a public invitee or a business invitee. A business visitor is one who enters or remains on land for a purpose connected with the business dealings of the owner." (internal citations omitted)); *see* Doc. 15, p. 1 (stating, unopposed, that Ms. Drummond went to Lowe's to shop for lawn chairs "as, in her opinion, a business invitee"); Doc. 15-1, p. 3 (similar). It is further undisputed that Ms. Drummond saw the puddle and attempted to step around it, showing her knowledge and appreciation of the risk. *See* Doc. 15-1, p. 6 ("I did see the water."); *id.* at p. 5 ("You know, so I did try to avoid it. And I think I did a pretty good job except for my right foot. It just caught it."); *see also* Doc. 15, ¶ 6 (adopting Ms. Drummond's statements).

The forced-to-encounter exception is narrow—as another court in the Western District of Arkansas has stated, *see Pinson v. 45 Dev., LLC*, 2013 WL 5348478, at *10-11 (W.D. Ark. Sept. 23, 2013), *aff'd*, 758 F.3d 948 (8th Cir. 2014)—and it does not apply in Ms. Drummond's case. To start, unlike *Kuykendall*, *Jenkins*, and *Carton*, Ms. Drummond was not required to encounter the danger. She was a customer who was shopping for personal purposes. *See* Doc. 15-1, p. 3. Further, Ms. Drummond was not *forced* to encounter the danger. There is no evidence that this was the only aisle by which she could access her desired product or—even if it was— that she had to walk through the water; rather, she could have stepped further to the side to fully avoid the puddle. *Compare id.* at pp. 7-8 (describing the puddle as approximately 16-inches wide and off to the side/under the shelving in an aisle that was approximately 3 to 4 feet wide, and that

3

there was "absolutely" enough space to walk around the water), *with Kuykendall*, 255 Ark. at 948 (stating that, where a 24-hour business allowed snow and ice to accumulate and remain on its only entrance for 18 to 20 hours, it "would appear . . . that the landowner should have anticipated that the dangerous condition would cause physical harm to one required to use the entrance way notwithstanding the known or obvious danger").

Further, the Court agrees with Lowe's that *Kuykendall*'s quotation of *Prosser on Torts, Invitee* § 61 (4th ed. 1971) does not apply in this case. The quote states, in part:

> In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge . . . , something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or after lapse of time he may forget the existence of the condition, even though he has discovered it . . . .

255 Ark. at 948 (quoting Prosser on Torts, Invitee § 61). Here, although Ms. Drummond was looking for a specific product, there is no evidence that she was distracted by the goods or that time lapsed such that she forgot the danger. To the contrary, Ms. Drummond saw the puddle and attempted to avoid it. Moreover, *Jenkins* specifically characterizes similar language from *Prosser and Keeton, The Law of Torts*, § 61, p. 47 (1984) as "describ[ing] the circumstances under which an owner or occupier of land may continue to owe a duty of care to an invitee forced to work on the premises," which is inapplicable in this case. *See* 318 Ark. at 671.

Because it is undisputed that Ms. Drummond had "knowledge of the existence of the condition" and there is no evidence to suggest she failed to "appreciate[ ] the danger it involve[d]," Lowe's had no duty to warn against the harm, and Ms. Drummond's claim fails as a matter of law. *Hope Med.*, 2019 Ark. App. at *6 (internal quotations removed).

Accordingly, the Motion for Summary Judgment (Doc. 14) is **GRANTED**. The case is dismissed with prejudice and judgment will issue.

**IT IS SO ORDERED** on this 1st day of December, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE